UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JANET GURSKIS an individual; CHARLIE
DAVIS an individual; FRANK BRADLEY
an individual; MICHAEL McHUGH an
individual;  SEAN JIMENEZ an individual;
CRAIG ZINKOSKI an individual, and
JOHN WHITTAKER, an individual.

CASE NO: 0:11 CV 60647

Plaintiff

vs.

WILLIAM GALE, an individual; ESTEBAN
SOTO, an individual; LARRY WEBMAN,
an individual; SHELDON YABLON, an
individual; MURRAY LINDER, an
individual; PARAGON PROPERTIES OF
COSTA RICA, LLC, a Florida limited
liability company; PROPERTIES OF
COSTA RICA, Inc., a Florida corporation;
PROPERTY SALES OF CR, Inc., a Florida
corporation, & PREMIER REALTY SALES
OF COSTA RICA, S.A.

Defendants
_____/

## COMPLAINT & JURY DEMAND

Plaintiffs, JANET GURSKIS ("GURSKIS"), CHARLIE DAVIS ("DAVIS"), FRANK BRADLEY("BRADLEY"), CRAIG ZINKOSKI ("ZINKOSKI"), MICHAEL McHUGH ("McHUGH"), SEAN JIMENEZ ("JIMENEZ"), and JOHN WHITTAKER ("WHITTAKER") by and through the undersigned attorney hereby file their Complaint and state as follows:

## PARTIES

1. Plaintiff GURSKIS is a resident of Hanover County, Virginia, is a citizen of the state of Virginia and is otherwise sui juris.

2. GURSKIS executed a boilerplate contract to purchase real property in Costa Rica from Defendants, and/or now defunct corporations.[1]

3. Plaintiff DAVIS is a resident of Fulton County, Georgia, is a citizen of the state of Georgia and is otherwise sui juris.

4. DAVIS executed a boilerplate contract to purchase real property in Costa Rica from Defendants, and/or now defunct corporations.

5. Plaintiff BRADLEY is a resident of Baltimore County, Maryland, is a citizen of the state of Maryland and is otherwise sui juris.

6. BRADLEY executed a boilerplate contract to purchase real property in Costa Rica from Defendants, and/or now defunct corporations.

7. Plaintiff McHUGH is a resident of Los Angeles County, California, is a citizen of the state of California and is otherwise sui juris.

8. McHUGH executed a boilerplate contract to purchase real property in Costa Rica from Defendants, and/or now defunct corporations.

9. Plaintiff JIMEMENZ is a resident of Virginia Beach County, Virginia, is a citizen of the state of Virginia and is otherwise sui juris.

---

[1] Alliance Funding, LLC, whose officers were SHELDON YABLON and MURRAY LINDER, Paramount Consulting Group, Inc., whose officer was LARRY WEBMAN, and SVE Properties, Inc. are inactive corporate entities.

10. JIMENEZ executed a boilerplate contract to purchase real property in Costa Rica from Defendants, and/or now defunct corporations.

11. Plaintiff ZINKOSKI is a resident of Ocean County, New Jersey, is a citizen of the state of New Jersey and is otherwise sui juris.

12. ZINKOSKI executed a boilerplate contract to purchase real property in Costa Rica from Defendants, and/or now defunct corporations.

13. Plaintiff WHITTAKER is a resident of Hartford County, Connecticut, is a citizen of the state of Connecticut and is otherwise sui juris.

14. WHITTAKER executed a boilerplate contract to purchase real property in Costa Rica from Defendants, and/or now defunct corporations.

15. All of the entities and individual Defendants involved made representations and solicitations under the letterhead of "Paragon Properties of Costa Rica."

16. Initially, all monies paid in accordance with these contracts was to be held in escrow by Charles Neustein, Esq. of North Miami Beach, FL. Mr. Neustein was replaced as escrow agent by Jeffery Tew, Esq. in 2007.

17. Each member of the class has suffered damages from Fraud and Breach of Contract.

18. At all times material hereto, Defendant, WILLIAM GALE ("GALE"), was and is a resident of Miami-Dade County, Florida and is a citizen of the state of Florida.

19. At all material times hereto, Defendant, ESTEBAN SOTO ("SOTO") was and is a resident of Miami-Dade County, Florida and is a citizen of the state of Florida.

20. At all material times hereto, Defendant, LARRY WEBMAN ("WEBMAN") was and is a resident of Miami-Dade County, Florida and is a citizen of the state of Florida.

21. At all material times hereto, Defendant, SHELDON YABLON ("YABLON") was and is a resident of Broward County, Florida and is a citizen of the state of Florida.

22. At all material times hereto, Defendant, MURRAY LINDER ("LINDER") was and is a resident of Miami-Dade County, Florida and is a citizen of the state of Florida.

23. At all times material hereto, Defendant, PARAGON PROPERTIES OF COSTA RICA, LLC ("PPCR"), was and is a Limited Liability Company whose principal place of business was and is Broward County, Florida. SOTO is listed as a manager and shareholder of PPCR.

24. At all times material hereto, Defendant, PROPERTIES OF COSTA RICA, Inc. ("PCR"), was and is a Florida Corporation whose principal place of business was and is Broward County, Florida. SOTO is listed as a manager and shareholder of PCR.

25. At all times material hereto, Defendant, PROPERTY SALES OF CR, Inc. ("PSCR") was and is a Florida Corporation whose principal place of business was and is Broward County, Florida. GALE is listed as a manager and shareholder of PSCR. GALE was also continuously involved with PCR.

26. The principal address of both PPCR, PCR and PSCR is 2035 Harding Street, Suite 201, Hollywood, FL 33020.

27. The registered agent and escrow of PPCR, PCR and PSCR is Jeffrey Tew, Esq. of Tew and Cardenas, LLP. 1441 Brickell Ave., 15th Floor, Miami, FL 33131.

28. At all times material hereto, Defendant, Premier Realty Sales of Costa Rica, S.A. ("PRSCR") is a foreign entity, incorporated pursuant to the laws of Costa Rica.

## JURISDICTION AND VENUE

29. Jurisdiction is proper in the district courts of the State of Florida because Plaintiffs, seek damages in excess of $75,000 exclusive of interest, costs and attorneys' fees and the acts of which Plaintiffs complain occurred in Florida. All Plaintiffs are citizens of states other than the state of Florida. Defendants GALE, SOTO, WEBMAN, YABLON, LINDER, PPCR, PCR and PSCR are citizens of Florida. Jurisdiction is pursuant to 28 U.S.C. §1332 (Diversity of citizenship; amount in controversy, costs) and 28 U.S.C. §1342 (federal question) and 28 U.S.C. §1336 (supplemental jurisdiction over state law claims).

30. Venue is proper in this judicial circuit as Broward County, FL is the location of the principal place of business for PPCR, PCR and PSCR.

## GENERAL ALLEGATIONS

31. In 2004, PPCR and PCR came into existence as a Florida Limited Liability Company and a Florida Corporation, respectively, for the purpose of marketing Costa Rican real estate to American buyers.

32. PPCR and PCR claimed to own land in Costa Rica on which it planned to build upscale residential communities.

33. PPCR and PCR made use of the internet, television, US Mail and wire services to advertise and induce buyers from throughout the United States into entering contracts to purchase Costa Rican real estate.

34. In January of 2009, PSCR came into existence as a Florida Corporation for seemingly the same purpose as PPCR and PCR.

35. More than 900 individuals executed contracts with PPCR, PCR, PSCR, Paramount Consulting Group, Inc., SVE Properties, Inc. and Alliance Funding, LLC. between 2004 and 2009. In exchange for a substantial payment, Plaintiffs received Costa Rican Deeds.

36. Defendants falsely claimed that they would make use of Plaintiffs' deposits to improve the land, provide infrastructure and build homes.

37. Plaintiffs were induced to purchase based upon the promise that, "The infrastructure of roads and electricity will be in place within twelve (12) months (alternatively eighteen (18) months from the date of this Agreement." See Exhibit A-G Point 3.

38. This never occurred. The vast majority of the land, purportedly sold to American buyers, remains undeveloped and tens of millions of dollars given by the Plaintiffs, as well as other buyers, are unaccounted for.

39. Defendants GALE, SOTO, WEBMAN, YABLON, and LINDER claimed, in letters sent by US Mail and over US wire services, to have pulled permits and to have made substantial improvements to the land. Defendants knew these claims were untrue when made. These correspondences were often accompanied by requests for additional funds.

40. Defendants' contracts contain a provision for the return of Plaintiffs' monies, deposited in escrow with Charles Neustein, Esq. or Jeffrey Tew, Esq., upon demand within a specified period of time (5 years).

41. Defendants have not returned money to Plaintiffs though timely demand has been made.

42. Plaintiffs were forced to hire counsel and pay attorneys' fees and costs to enforce their contractual rights and to prosecute this Fraud.

43. All conditions precedent to filing suit have been met, have been satisfied, have occurred or are otherwise waived or void.

## JURY DEMAND

44. GURSKIS, DAVIS, BRADLEY, McHUGH, JIMENEZ, ZINKOSKI, and WHITTAKER demand a trial by jury of all issues so triable.

## COUNT I – BREACH OF CONTRACT

45. GURSKIS re-alleges and incorporates the allegations set forth in paragraphs 1 through 42 above as if set forth in full herein.

46. A valid and enforceable contract between Plaintiff and PPCR and/or PCR exists. See Exhibit A.

47. PPCR and/or PCR breached the contract by refusing to refund her deposit as it is obligated to do under the terms of the contract.

48. Plaintiff has suffered damages as a result of PPCR's and/or PCR's unlawful breach.

**WHEREFORE,** GURSKIS demands damages against PPCR and/or PCR for breach of contract and such other relief this Court deems just and proper including but not limited to actual damages, prejudgment interest, attorneys' fees and costs incurred in this action, and for such other and further relief as the Court may deem just and proper.

## COUNT II – FRAUD AGAINST ALL DEFENDANTS

49. GURSKIS re-alleges and incorporates the allegations set forth in paragraphs 1 through 42 above as if set forth in full herein.

50. GALE, SOTO, WEBMAN, YABLON, LINDER, PPCR, PCR, and PSCR made numerous false statements, making use of US Mail and wire services, to GURSKIS and other members of the class.

51. GALE, SOTO, WEBMAN, YABLON, LINDER, PPCR, PCR and PSCR knew the statements were false when made.

52. GALE, SOTO, WEBMAN, YABLON, LINDER, PPCR, PCR and PSCR knowingly and maliciously made the false statements with the intention of getting GURSKIS and members of the class to enter contract with and/or give money to PPCR, PCR and/or PSCR.

53. GURSKIS and other members of the class relied on Defendants' false statements and gave money to GALE, SOTO, WEBMAN, YABLON, LINDER, PPCR, PCR and/or PSCR.

**WHEREFORE,** GURSKIS demands damages against GALE, SOTO, WEBMAN, YABLON and LINDER as individuals, for Fraud; and PPCR, PCR and PSCR, as instrumentalities for perpetrating this Fraud, and such other relief this Court deems just and proper including but not limited to actual damages, punitive damages, prejudgment interest, attorneys' fees and costs incurred in this action, and for such other and further relief as the Court may deem just and proper.

## **COUNT III – BREACH OF CONTRACT**

54. DAVIS re-alleges and incorporates the allegations set forth in paragraphs 1 through 42 above as if set forth in full herein.

55. A valid and enforceable contract between Plaintiff and PPCR and/or PCR exists. See Exhibit B.

56. PPCR and/or PCR breached the contract by refusing to refund her deposit as it is obligated to do under the terms of the contract.

57. Plaintiff has suffered damages as a result of PPCR's and/or PCR's unlawful breach.

**WHEREFORE,** DAVIS demands damages against PPCR and/or PCR for breach of contract and such other relief this Court deems just and proper including but not limited to actual damages, prejudgment interest, attorneys' fees and costs incurred in this action, and for such other and further relief as the Court may deem just and proper.

## COUNT IV – FRAUD AGAINST ALL DEFENDANTS

58. DAVIS re-alleges and incorporates the allegations set forth in paragraphs 1 through 42 above as if set forth in full herein.

59. GALE, SOTO, WEBMAN, YABLON, LINDER, PPCR, PCR, and PSCR made numerous false statements, making use of US Mail and wire services, to DAVIS and other members of the class.

60. GALE, SOTO, WEBMAN, YABLON, LINDER, PPCR, PCR and PSCR knew the statements were false when made.

61. GALE, SOTO, WEBMAN, YABLON, LINDER, PPCR, PCR and PSCR knowingly and maliciously made the false statements with the intention of getting DAVIS and members of the class to enter contract with and/or give money to PPCR, PCR and/or PSCR.

62. DAVIS and other members of the class relied on Defendants' false statements and gave money to GALE, SOTO, WEBMAN, YABLON, LINDER, PPCR, PCR and/or PSCR.

**WHEREFORE,** DAVIS demands damages against GALE, SOTO, WEBMAN, YABLON and LINDER as individuals, for Fraud; and PPCR, PCR and PSCR, as instrumentalities for perpetrating this Fraud, and such other relief this Court deems just and proper including but not limited to actual damages, punitive damages, prejudgment interest, attorneys' fees and costs incurred in this action, and for such other and further relief as the Court may deem just and proper.

## COUNT V – BREACH OF CONTRACT

63. BRADLEY re-alleges and incorporates the allegations set forth in paragraphs 1 through 42 above as if set forth in full herein.

64. A valid and enforceable contract between Plaintiff and PPCR and/or PCR exists. See Exhibit C.

65. PPCR and/or PCR breached the contract by refusing to refund his deposit as it is obligated to do under the terms of the contract.

66. Plaintiff has suffered damages as a result of PPCR's and/or PCR's unlawful breach.

**WHEREFORE,** BRADLEY demands damages against PPCR and/or PCR for breach of contract and such other relief this Court deems just and proper including but not limited to actual damages, prejudgment interest, attorneys' fees and costs incurred in this action, and for such other and further relief as the Court may deem just and proper.

## COUNT VI – FRAUD AGAINST ALL DEFENDANTS

67. BRADLEY re-alleges and incorporates the allegations set forth in paragraphs 1 through 42 above as if set forth in full herein.

68. GALE, SOTO, WEBMAN, YABLON, LINDER, PPCR, PCR, and PSCR made numerous false statements, making use of US Mail and wire services, to BRADLEY and other members of the class.

69. GALE, SOTO, WEBMAN, YABLON, LINDER, PPCR, PCR and PSCR knew the statements were false when made.

70. GALE, SOTO, WEBMAN, YABLON, LINDER, PPCR, PCR and PSCR knowingly and maliciously made the false statements with the intention of getting BRADLEY and members of the class to enter contract with and/or give money to PPCR, PCR and/or PSCR.

71. BRADLEY and other members of the class relied on Defendants' false statements and gave money to GALE, SOTO, WEBMAN, YABLON, LINDER, PPCR, PCR and/or PSCR.

**WHEREFORE,** BRADLEY demands damages against GALE, SOTO, WEBMAN, YABLON and LINDER as individuals, for Fraud; and PPCR, PCR and PSCR, as instrumentalities for perpetrating this Fraud, and such other relief this Court deems just and proper including but not limited to actual damages, punitive damages, prejudgment interest, attorneys' fees and costs incurred in this action, and for such other and further relief as the Court may deem just and proper.

## COUNT VII – BREACH OF CONTRACT

72. McHUGH re-alleges and incorporates the allegations set forth in paragraphs 1 through 42 above as if set forth in full herein.

73. A valid and enforceable contract between Plaintiff and PPCR and/or PCR exists. See Exhibit D.

74. PPCR and/or PCR breached the contract by refusing to refund his deposit as it is obligated to do under the terms of the contract.

75. Plaintiff has suffered damages as a result of PPCR's and/or PCR's unlawful breach.

**WHEREFORE,** McHUGH demands damages against PPCR and/or PCR for breach of contract and such other relief this Court deems just and proper including but not limited to actual damages, prejudgment interest, attorneys' fees and costs incurred in this action, and for such other and further relief as the Court may deem just and proper.

## **COUNT VIII – FRAUD AGAINST ALL DEFENDANTS**

76. McHUGH re-alleges and incorporates the allegations set forth in paragraphs 1 through 42 above as if set forth in full herein.

77. GALE, SOTO, WEBMAN, YABLON, LINDER, PPCR, PCR, and PSCR made numerous false statements, making use of US Mail and wire services, to McHUGH and other members of the class.

78. GALE, SOTO, WEBMAN, YABLON, LINDER, PPCR, PCR and PSCR knew the statements were false when made.

79. GALE, SOTO, WEBMAN, YABLON, LINDER, PPCR, PCR and PSCR knowingly and maliciously made the false statements with the intention of getting McHUGH and members of the class to enter contract with and/or give money to PPCR, PCR and/or PSCR.

80. McHUGH and other members of the class relied on Defendants' false statements and gave money to GALE, SOTO, WEBMAN, YABLON, LINDER, PPCR, PCR and/or PSCR.

**WHEREFORE,** McHUGH demands damages against GALE, SOTO, WEBMAN, YABLON and LINDER as individuals, for Fraud; and PPCR, PCR and PSCR, as instrumentalities for perpetrating this Fraud, and such other relief this Court deems just and proper including but not limited to actual damages, punitive damages, prejudgment interest, attorneys' fees and costs incurred in this action, and for such other and further relief as the Court may deem just and proper.

## COUNT IX – BREACH OF CONTRACT

81. JIMENEZ re-alleges and incorporates the allegations set forth in paragraphs 1 through 42 above as if set forth in full herein.

82. A valid and enforceable contract between Plaintiff and PPCR and/or PCR exists. See Exhibit E.

83. PPCR and/or PCR breached the contract by refusing to refund his deposit as it is obligated to do under the terms of the contract.

84. Plaintiff has suffered damages as a result of PPCR's and/or PCR's unlawful breach.

**WHEREFORE,** JIMENEZ demands damages against PPCR and/or PCR for breach of contract and such other relief this Court deems just and proper including but not limited to actual damages, prejudgment interest, attorneys' fees and costs incurred in this action, and for such other and further relief as the Court may deem just and proper.

## COUNT X – FRAUD AGAINST ALL DEFENDANTS

85. JIMENEZ re-alleges and incorporates the allegations set forth in paragraphs 1 through 42 above as if set forth in full herein.

86. GALE, SOTO, WEBMAN, YABLON, LINDER, PPCR, PCR, and PSCR made numerous false statements, making use of US Mail and wire services, to JIMENEZ and other members of the class.

87. GALE, SOTO, WEBMAN, YABLON, LINDER, PPCR, PCR and PSCR knew the statements were false when made.

88. GALE, SOTO, WEBMAN, YABLON, LINDER, PPCR, PCR and PSCR knowingly and maliciously made the false statements with the intention of getting JIMENEZ and members of the class to enter contract with and/or give money to PPCR, PCR and/or PSCR.

89. JIMENEZ and other members of the class relied on Defendants' false statements and gave money to GALE, SOTO, WEBMAN, YABLON, LINDER, PPCR, PCR and/or PSCR.

**WHEREFORE,** JIMENEZ demands damages against GALE, SOTO, WEBMAN, YABLON and LINDER as individuals, for Fraud; and PPCR, PCR and PSCR, as instrumentalities for perpetrating this Fraud, and such other relief this Court deems just and proper including but not limited to actual damages, punitive damages, prejudgment interest, attorneys' fees and costs incurred in this action, and for such other and further relief as the Court may deem just and proper.

## COUNT XI – BREACH OF CONTRACT

90. ZINKOSKI re-alleges and incorporates the allegations set forth in paragraphs 1 through 42 above as if set forth in full herein.

91. A valid and enforceable contract between Plaintiff and PPCR and/or PCR exists. See Exhibit F.

92. PPCR and/or PCR breached the contract by refusing to refund his deposit as it is obligated to do under the terms of the contract.

93. Plaintiff has suffered damages as a result of PPCR's and/or PCR's unlawful breach.

**WHEREFORE,** ZINKOSKI demands damages against PPCR and/or PCR for breach of contract and such other relief this Court deems just and proper including but not limited to actual damages, prejudgment interest, attorneys' fees and costs incurred in this action, and for such other and further relief as the Court may deem just and proper.

## COUNT XII – FRAUD AGAINST ALL DEFENDANTS

94. ZINKOSKI re-alleges and incorporates the allegations set forth in paragraphs 1 through 42 above as if set forth in full herein.

95. GALE, SOTO, WEBMAN, YABLON, LINDER, PPCR, PCR, and PSCR made numerous false statements, making use of US Mail and wire services, to ZINKOSKI and other members of the class.

96. GALE, SOTO, WEBMAN, YABLON, LINDER, PPCR, PCR and PSCR knew the statements were false when made.

97. GALE, SOTO, WEBMAN, YABLON, LINDER, PPCR, PCR and PSCR knowingly and maliciously made the false statements with the intention of getting ZINKOSKI and members of the class to enter contract with and/or give money to PPCR, PCR and/or PSCR.

98. ZINKOSKI and other members of the class relied on Defendants' false statements and gave money to GALE, SOTO, WEBMAN, YABLON, LINDER, PPCR, PCR and/or PSCR.

**WHEREFORE,** ZINKOSKI demands damages against GALE, SOTO, WEBMAN, YABLON and LINDER as individuals, for Fraud; and PPCR, PCR and PSCR, as instrumentalities for perpetrating this Fraud, and such other relief this Court deems just and proper including but not limited to actual damages, punitive damages, prejudgment interest, attorneys' fees and costs incurred in this action, and for such other and further relief as the Court may deem just and proper.

## COUNT XIII– BREACH OF CONTRACT

99. WHITTAKER re-alleges and incorporates the allegations set forth in paragraphs 1 through 42 above as if set forth in full herein.

100. A valid and enforceable contract between Plaintiff and PPCR and/or PCR exists. See Exhibit G.

101. PPCR and/or PCR breached the contract by refusing to refund his deposit as it is obligated to do under the terms of the contract.

102. Plaintiff has suffered damages as a result of PPCR's and/or PCR's unlawful breach.

**WHEREFORE,** WHITTAKER demands damages against PPCR and/or PCR for breach of contract and such other relief this Court deems just and proper including but not limited to actual damages, prejudgment interest, attorneys' fees and costs incurred in this action, and for such other and further relief as the Court may deem just and proper.

## **COUNT XIV – FRAUD AGAINST ALL DEFENDANTS**

103.	WHITTAKER re-alleges and incorporates the allegations set forth in paragraphs 1 through 42 above as if set forth in full herein.

104.	GALE, SOTO, WEBMAN, YABLON, LINDER, PPCR, PCR, and PSCR made numerous false statements, making use of US Mail and wire services, to WHITTAKER and other members of the class.

105.	GALE, SOTO, WEBMAN, YABLON, LINDER, PPCR, PCR and PSCR knew the statements were false when made.

106.	GALE, SOTO, WEBMAN, YABLON, LINDER, PPCR, PCR and PSCR knowingly and maliciously made the false statements with the intention of getting WHITTAKER and members of the class to enter contract with and/or give money to PPCR, PCR and/or PSCR.

107.	WHITTAKER and other members of the class relied on Defendants' false statements and gave money to GALE, SOTO, WEBMAN, YABLON, LINDER, PPCR, PCR and/or PSCR.

**WHEREFORE,** WHITTAKER demands damages against GALE, SOTO, WEBMAN, YABLON and LINDER as individuals, for Fraud; and PPCR, PCR and PSCR, as instrumentalities for perpetrating this Fraud, and such other relief this Court deems just and proper including but not limited to actual damages, punitive damages, prejudgment interest, attorneys' fees and costs incurred in this action, and for such other and further relief as the Court may deem just and proper.

Respectfully Submitted:

DATED: MARCH 25, 2011

By:  /s/John P. Hess
JOHN P. HESS, Esq.
Attorney for the Plaintiff
F.B.N. 42075
1395 Brickell Ave., Suite 800
Miami, Florida  34242
Telephone: (305) 445-9525
Facsimile: (305) 442-1020